# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

## MAVERICK LEASING, LLC                                    PLAINTIFF

v.                              No. 4:23-cv-836-DPM

## DORIAN L. WEST                                           DEFENDANT

### ORDER

Status report, *Doc. 12*, appreciated.  West has now answered.  And West's lawyer has been admitted *pro hac vice*.  The Court notes Maverick's concern that West's newly filed Missouri lawsuit may create problems for any resolution of the dispute in this Court. That issue, however, can hang fire.  West has raised a jurisdictional concern, which the Court must address, even in the absence of a motion.  See the attached letter and enclosures.  The Court therefore requests simultaneous briefs (no more than five pages) on the amount-in-controversy issue.  Please attach any documents needed for the Court to address this issue.  Briefs due on 17 November 2023.  Last, the Court directs the parties to communicate with the Court only through filings on the public docket.

So Ordered.

D.P. Marshall Jr.
United States District Judge

2 November 2023



**DAN FINNEY LAW**
TRIAL ATTORNEY

danfinney.law

October 13, 2023

Honorable D.P. Marshall, Jr.
Chief Judge
United States District Court for the Eastern District of Arkansas

Sent via electronic mail to dpmchambers@ared.uscourts.gov

Re:    Maverick Leasing, LLC v. Dorian L. West
       Case No. 4:23-cv-836-DPM

Dear Judge Marshall:

I represent Dorian West ("Mr. West") in the arbitration the subject of the lawsuit referenced above. I submitted my application seeking admission to the U.S. District Court for the Eastern District of Arkansas, pursuant to local rule 83.5(b)(2) and 83.5(c)(1). I am awaiting a determination.

Mr. Talley forwarded your Honor's order parties meet and confer, noting the U.S. District Court for the Eastern District of Arkansas willing to retain jurisdiction over this case during pendency of the arbitration. I informed Mr. Talley and Mr. Miller, both counsel of record in this case, I am available to meet and confer at their soonest convenience, and agreeable to everything your Honor has proposed in the order, without need for further discussion. I'm afraid my thoughts in this regard, irrelevant.

The claim my client submitted to USA&M, to be arbitrated, attached hereto, seeks only the production of a record of transactions involving funds he provided Maverick to be deposited into an escrow account Maverick administered, along with recoupment of the cost of this arbitration. (The cost of arbitration certain to be less than $75,000.) At such time as the arbitrator may issue an award, either granting or denying the relief my client requests in the claim filed USA&M, and the findings of facts supporting that result entered into the court record as required by the contract, this honorable Court may order sua sponte never subject matter jurisdiction, every previous order void, and dismiss the lawsuit.

Maverick represents to the Court in its initial pleading Mr. West filed suit against Maverick in Madison County, Illinois, alleging monetary damages. This is correct. Maverick alleges the controversy Mr. West pled in that lawsuit confers this honorable Court subject matter jurisdiction over this case.

There is no controversy as my client pled in the lawsuit he filed against Maverick in Madison County, IL. Once previous counsel for Maverick provided a copy of the title to the vehicle in question, Mr. West vacated the allegations he asserted against Maverick in that lawsuit. The Court ordered the lawsuit dismissed, before service of process upon Maverick. A copy of the order is attached hereto. Mr. West never referenced the allegations he pled in that lawsuit, in the claim for arbitration he submitted to USA&M.

I do not wish to move this honorable Court dismiss the pending action, as it in my client's best interest to keep this matter in the U.S. District Court for the Eastern District of Arkansas. However, if the Court order sua sponte never subject matter jurisdiction, as I fear your Honor compelled to do, every order your Honor previously entered in this case, void ab initio. Then we'd have wasted your Honor's time, along with resources of the U.S. District Court for the Eastern District of Arkansas, and of the parties, respectively.

Should your Honor hold subject matter jurisdiction over this lawsuit, jurisprudence best preserved. I've never understood why a controversy specifying monetary damages germane to federal subject matter jurisdiction, when parties diverse, but for an act of Congress.

Yours respectfully,

Daniel P Finney III

Attachments

Cc:     Graham Talley
        Jan Miller



## DAN FINNEY LAW
### TRIAL ATTORNEY

danfinney.law

July 20, 2023

US Arbitration and Mediation
Attn: Jennifer Hamilton
500 N. Broadway
Suite 1800
Saint Louis, MO 63102

Sent via electronic mail to jhamilton@usam.com

Dear Jennifer:

Below please find a synopsis of the matter to be arbitrated.  My client is plaintiff Dorian West.
The defendant is Maverick Leasing, LLC, a subsidiary of Maverick USA, Inc.

## MAVERICK USA

Maverick USA, Inc. ("Maverick USA") is sole member of both Maverick Leasing, LLC
("Maverick Leasing") and Maverick Transportation, LLC ("Maverick Transportation").

Maverick Transportation and Maverick Leasing share the same principal place of business at the
corporate headquarters of Maverick USA.  The president of Maverick Transportation is the
president of Maverick Leasing.  The chief financial officer of Maverick Transportation is the
chief financial officer of Maverick Leasing. The same two individuals manage both companies.

Maverick Transportation executes employment agreements with independent contractor owner-
operators of tractor trailers, agreeing to pay the operators to deliver goods for customers of
Maverick Transportation. If the independent contractor does not own a tractor, he or she may
rent one from Maverick Leasing, pursuant to a leasing agreement.

## THE LEASING AGREEMENT

On September 28, 2020, Dorian West executed a leasing agreement to rent a tractor (hereinafter
"equipment") from Maverick Leasing.  The leasing agreement required Mr. West pay Maverick
Leasing rent every week in exchange for his use of the equipment.

The leasing agreement required the equipment only be used to make deliveries for a company approved by Maverick Leasing. The only company Maverick Leasing approved in the leasing agreement was Maverick Transportation. The leasing agreement required Mr. West pay Maverick Transportation to perform all the maintenance of the equipment. Maverick Leasing had the words "Maverick Transportation IC" written on the side of the equipment.

The leasing agreement required Mr. West to remit an additional 15% of any income he derived from the use of the equipment, up to $18,000, to Maverick Leasing. This cash was to be used to pay Maverick Transportation for maintenance of the equipment, as well as insurance premiums to an insurer Maverick Leasing recommended, and miscellaneous expenses related to the operation of the tractor. Mr. West agreed to allow Maverick Transportation to deduct these amounts from his compensation, and remit to Maverick Leasing.

The leasing agreement required Maverick Leasing to set up an escrow account, into which it was to deposit the cash deducted from Mr. West's compensation by Maverick Transportation, for the purposes stated above. The leasing agreement required Maverick Leasing to provide Mr. West, upon his request, an accounting of any transaction involving his cash which it held in escrow.

## THE CRASH

On the night of January 29, 2023, Mr. West suffered injuries while operating the equipment for Maverick Transportation, when he collided with a vehicle abandoned across his lane of traffic. The collision caused Mr. West to lose control of the equipment and smash into a concrete pillar. He suffered a compound fracture in his left leg, two fractured vertebrae, and damage to the dura mater surrounding his spinal cord. He remained trapped in the equipment for close to an hour while first responders worked to extract and transport him to the nearest hospital. He spent the next 75 days in the hospital and inpatient rehabilitation. Mr. West is unable to walk unassisted, and permanently disabled.

Within days of the crash, while he was still under intensive care following surgery on his spinal cord, Maverick Transportation called Mr. West to inform him of its decision to terminate his employment agreement effective immediately. Maverick Transportation provided Mr. West with no worker compensation benefits nor unemployment insurance, nor severance of any kind. Maverick Transportation received benefits for its loss of the employment of Mr. West, under an insurance policy the employment agreement required Mr. West to purchase.

At the same time Maverick Transportation informed Mr.West his employment agreement was terminated, Maverick Leasing advised Mr. West it intended to collect from him the replacement value of the equipment plus liquidated damages pursuant to the leasing agreement. Unless the insurer of the equipment agreed to reimburse Maverick Leasing for the loss of the equipment, Mr. West would lose all the money in the escrow account, and owe Maverick Leasing an additional amount of money in excess of sixty thousand dollars. Within 72 hours of the crash, after Mr. West had agreed to make the claim for property damage from the intensive care unit,

Maverick Leasing instructed the insurer to list the equipment in an online auction to be sold for salvage.

Soon thereafter, Maverick Transportation again called Mr. West, this time to inform him of its decision to deny his request for a copy of the dashcam video of the crash, after its director of safety watched the video. Maverick Transportation indicated to Mr. West this decision was based upon concerns about the liability of both Maverick Transportation and Mr. West for the crash.

On March 8, 2023, several weeks after the director of safety for Maverick Transportation inspected the equipment and took possession of the dashcam video, Maverick Transportation sent Mr. West a letter demanding he not relinquish possession of the equipment to be salvaged, warning him if he did so, he could be sanctioned by the Court in any litigation stemming from the crash.

On March 7, 2023, one day before Maverick Transportation wrote Mr. West the demand referenced above, Maverick Leasing received a check made payable to "Maverick Leasing, LLC and Dorian West" from the insurer of the equipment in exchange for title to the equipment. Maverick Leasing endorsed this check on behalf of Mr. West, and deposited the check into a bank account. Maverick Leasing then transferred the proceeds due to Mr. West from the insurance settlement, along with the balance in Mr. West's escrow account, to the Maverick Transportation operating account. Maverick Leasing transferred Mr. West's money to the Maverick Transportation operating account as indicated above, without his knowledge nor authorization. Maverick Transportation then deposited money Maverick Leasing transferred to Maverick Transportation's operating account, from Mr.West's escrow account, to Mr. West's personal bank account. Both Maverick Transportation and Maverick Leasing claim that amount deposited in Mr. West's personal bank account satisfies any debt Maverick Leasing had to Mr. West.

## RELIEF REQUESTED

Plaintiff Dorian West requests Defendant Maverick Leasing provide a record of all transactions to and from his escrow account from the date of the termination of his employment agreement with Maverick Transportation through the present, including but not limited to the transfer of the remaining balance of funds from his escrow account with Maverick Leasing, to the operating account of Maverick Transportation. Plaintiff also seeks an order that Maverick Leasing pay all costs associated with this arbitration.

Respectfully submitted,

Daniel P Finney III

Cc:    Braden Core
       Greg Feary
       Martin O'Conner



**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS** CLERK OF CIRCUIT COURT #68
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

SEP 2 2 2023

DORIAN WEST,
*Plaintiff(s)*

**vs**                                                    23-LA-710

MAVERICK LEASING, LLC,
*Defendant(s)*


## ORDER

Upon motion of the Plaintiff, this case is dismissed without prejudice.

September 22, 2023

Christopher Threlkeld
Circuit Judge